IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES ELLIS,

    Movant,

v.                                                      Case No. 2:16-cv-5794
                                                       Case No. 6:06-cr-00037-1

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant, Charles Ellis' (hereinafter "Defendant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 220 and 221), as construed by the Order and Notice entered by the Honorable Thomas E. Johnston, United States District Judge, on June 28, 2016. This matter is now assigned to the undersigned and is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, it is hereby **ORDERED** that the referral to the Magistrate Judge is **WITHDRAWN**.

I.      Relevant Procedural History

Defendant is serving a 324-month sentence, to be followed by a three-year term of supervised release upon his conviction by a jury of fourteen counts relating to

unlawful transactions in firearms and two counts of obstruction of justice, in violation of 18 U.S.C. §§ 922(a)(1)(A), 922(a)(2)(A), 924(a)(1)(D), and 1512(b)(1). A Judgment to that effect was entered on November 14, 2007. (Judgment in a Criminal Case, Nov. 14, 2007, ECF No. 129). Defendant's direct appeal was unsuccessful. *United States v. Ellis*, No. 07-5117, 301 F. App'x 271 (4th Cir. Nov. 26, 2008).

Defendant, by retained counsel, unsuccessfully filed a prior Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("first section 2255 motion"). (ECF No. 159; denied by Mem. Op. and Order entered on Feb. 6, 2012, ECF No. 181). Defendant's subsequent *pro se* motion under Rules 59(e) and 52(b) of the Federal Rules of Civil Procedure was also denied. (Mem. Op. and Order entered on July 2, 2012, ECF No. 187). Then, on February 28, 2013, the United States Court of Appeals for the Fourth Circuit denied Defendant a certificate of appealability and dismissed his appeal of the denial of his first section 2255 motion. *United States v. Ellis*, No. 12-7599, 512 F. App'x 307 (Feb. 28, 2013) (ECF Nos. 206 and 207).

On June 6 and June 13, 2016, respectively, Defendant filed two "Letter-Form Motions to Extend Time to File Motion Based Upon *United States v. Johnson*." (ECF Nos. 220 and 221). These motions were construed by Judge Johnston as a section 2255 motion. (Order and Notice entered on June 28, 2016, ECF No. 222 at 4).

Judge Johnston's Order and Notice further notified Defendant that, if he wished to pursue his motion, he must seek authorization from the Fourth Circuit to file a second or successive section 2255 motion under 28 U.S.C. §§ 2244 and 2255(h)(2). The Order and Notice further directed Defendant to file a Memorandum

in support of his second or successive motion within 30 days of the ruling on his section 2244 authorization application. (*Id.* at 3-5). However, Defendant twice sought and was denied authorization to file a second or successive section 2255 motion. *See In re Charles Ellis*, No. 16-9327 (June 28, 2016) and *In re Charles Ellis*, No. 16-3137 (Dec. 14, 2016).

## II. Discussion

Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). To obtain certification from the Court of Appeals, the movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.*

Defendant previously filed an unsuccessful 2255 motion concerning his federal criminal judgment and he has not received authorization from the Fourth Circuit to file another section 2255 motion. Accordingly, Defendant's instant motion must be dismissed as being an unauthorized second or successive section 2255 motion.

## III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF Nos.

3

220 and 221) is **DENIED** and this civil action is **DISMISSED** from the docket of the court.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 11, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE